IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SKYLARK MEATS, LLC, | : | |
| | : | CASE NO. |
| Plaintiff, | : | 3:11-CV-141 (CAR) |
| | : | |
| v. | : | |
| | : | |
| ANGEL FOOD MINISTRIES, INC., | : | |
| | : | |
| Defendant. | : | |

_____

ORDER ON RESPONSE TO SHOW CAUSE ORDER
AND MOTION TO INTERVENE

This matter is before the Court on Plaintiff Skylark Meats, LLC's response to this

Court's Show Cause Order [Doc. 10], and Fair Market, Inc.'s ("Fair Market") Motion to

Intervene [Doc. 4]. For the following reasons, Fair Market's Motion is **GRANTED.**

**Response to Show Cause Order**

On February 9, 2012, the Court ordered Plaintiff Skylark Meats, LLC to show

cause why this case should not be dismissed for failure to perfect service of the

summons and complaint on Defendant Angel Food Ministries, Inc. [Doc. 7]. Plaintiff

timely responded and showed the Court that it perfected service on December 15, 2011,

by serving the Georgia Secretary of State as statutory agent for Defendant. [Doc. 10].

Rule 4(h) provides that corporations should be served in the manner described

for serving an individual, or by delivering a copy of the summons and complaint "to an

1

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h).  Georgia law provides that a corporation shall be served by delivering a copy of the summons and complaint to the president, secretary, officer or other agent, but "when . . . service cannot be had in such a manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice or demand may be served." O.C.G.A. § 9-11-4(e)(1).  Thus, substituted service on the Secretary of State is only proper where a plaintiff has unsuccessfully attempted to serve an officer or agent of the corporation. See Davis v. Frederick J. Hanna & Assoc., P.C., 506 F. Supp. 2d 1322, 1323 (N.D. Ga. 2007) (service pursuant to O.C.G.A. § 9-11-4(e) appropriate where plaintiff attempted to serve corporation's registered agent three times).

Plaintiff's response indicates that it diligently attempted to serve Defendant's registered agent, to no avail.  After attempting to serve Defendant's registered agent six times, Plaintiff served the Georgia Secretary of State in accordance with O.C.G.A. § 9-11-4(e)(1).  Plaintiff has shown that it perfected service of the summons and complaint on Defendant Angel Food Ministries, Inc., and therefore the Court will allow this matter to remain pending.

**Fair Market's Motion to Intervene**

Also before the Court is Fair Market's Motion to Intervene as a Party Plaintiff.

[Doc. 4].  Fair Market seeks to intervene as a plaintiff in this action pursuant to Federal

Rule of Civil Procedure 24(b)(2).  No responses were filed by the other parties.

Having considered the motion and the relevant law, the Court finds that the permissive

intervention of Fair Market is appropriate in this case and should be allowed.

A party seeking to intervene under Rule 24(b) must show that: (1) its application

is timely, and (2) its claim or defense and the main action have a question of law or fact

in common.  Fed. R. Civ. P. 24(b).  In determining whether to permit a party to

intervene, the Court must consider "whether the intervention will unduly delay or

prejudice the adjudication of the rights of the original parties." Id.

In considering whether the application to intervene is timely, the Court must

consider four factors:

> (1) the length of time during which the proposed intervenor knew or reasonably
> should have known of the interest in the case before moving to intervene; (2) the
> extent of prejudice to the existing parties as a result of the proposed intervenor's
> failure to move for intervention as soon as it knew or reasonably should have
> known of its interest; (3) the extent of prejudice to the proposed intervenor if the
> motion is denied; and (4) the existence of unusual circumstances militating either
> for or against a determination that their motion was timely.

Georgia v. United States Army Corp of Engineers, 302 F.3d 1242, 1259 (11th Cir. 2002).

Fair Market seeks to intervene only four months after Plaintiff filed its Complaint, and

Defendant has yet to file an answer or otherwise appear in this case.  Therefore, the Court finds Fair Market's motion timely.

In addition, Fair Market's claims are nearly identical to those asserted by Plaintiff, and thus it meets the second requirement of Rule 24(b)(2).  As no legally significant proceedings have occurred, the Court finds that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  Fed. R. Civ. P. 24(b)(3).  Accordingly, Fair Market's Motion to Intervene is **GRANTED.** [Doc. 4].

SO ORDERED, this 2nd day of March, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES