IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **SKYLARK MEATS, LLC,** | : | |
| | : | **CASE NO.** |
| Plaintiff, | : | **3:11-CV-141 (CAR)** |
| | : | |
| v. | : | |
| | : | |
| **ANGEL FOOD MINISTRIES, INC.,** | : | |
| | : | |
| Defendant. | : | |

_____

### ORDER ON APPLICATION FOR ATTORNEY'S FEES AND COSTS

In accordance with this Court's previous Order [Doc. 20] granting default judgment as to liability and damages for breach of contract, Plaintiff Skylark Meats, LLC has filed the current Application for Attorney's Fees and Costs [Doc. 21]. Plaintiff's counsel seeks $1,452.50 in attorneys' fees and $403.18 in litigation costs incurred in their representation of Plaintiff. Plaintiff supports its request for attorneys' fees with the affidavit of Brian T. Moore, an attorney with the law firm of Drew Eckl & Farnham, LLP, which was retained by Plaintiff to represent it in this action. After consideration, the Court **GRANTS** Plaintiff's Application for Attorney's Fees and Costs [Doc. 21] and awards the amounts specified below.

### Background

On September 30, 2011, Plaintiff filed a Complaint against Defendant Angel Food Ministries, Inc. asserting claims of breach of contract and conversion. Plaintiff shipped

1

meat products on credit to Defendant between March and August 2011, and Defendant failed to pay for these products. Plaintiff filed suit to recover the amount of its unpaid invoices. When Defendant failed to answer or otherwise appear, Plaintiff moved for default judgment [Doc. 12]. This Court initially denied Plaintiff's motion because Plaintiff failed to seek entry of default as required by Federal Rule of Civil Procedure 55. Subsequently, Plaintiff sought entry of default as required [Doc. 16], and this Court granted Plaintiff's second Motion for Default Judgment [Doc. 20].

## Discussion

In determining a reasonable amount of attorneys' fees, the Court must calculate the "lodestar," which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate. Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000). The Court may make adjustments to the lodestar calculation for other considerations not yet factored into the lodestar amount. Id.; Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). Factors courts should consider in calculating an award include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the expertise, reputation and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974),[1] abrogated in part on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989); see also Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 853 n. 37 (11th Cir. 1990).

The party seeking attorneys' fees bears the burden of establishing the appropriate hours and rates. Norman, 836 F.2d at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

Here, Plaintiff seeks $1,452.50 in attorneys' fees for 10.45 hours of work on this default judgment case. The 10.45 hours encompass the work of four attorneys – partner Brian Moore, working 2.8 hours at $175 per hour, partner Paul Burke, working .3 hours at $175 per hour, associate Eric Mull, working 3.5 hours at $150 per hour, and associate Kelly Wood, working 3.85 hours at $100 per hour.

### A. Reasonable Hourly Rates

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

and reputation." Norman, 836 F.2d at 1299.  Generally, the relevant legal community is the place where the case is filed.  Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).  Plaintiffs filed this case in Athens, Georgia, and the majority of the events giving rise to this litigation occurred in nearby Monroe, Georgia.  Although Plaintiff's attorneys practice in Atlanta, Georgia, the Court finds that the Athens area is the appropriate legal community for the purpose of determining reasonable hourly rates.

The Court may use its discretion and expertise to determine the appropriate hourly rate.  This analysis is affected by factors such as skill, reputation, and experience.  Norman, 836 F.2d at 1304.  As noted above, Plaintiff has proposed rates of $175 per hour for Brian Moore and Paul Burke, $150 per hour for Eric Mull, and $100 per hour for Kelly Wood.  The Court finds these hourly rates to be comparable to prevailing market rates for attorneys in the Athens area, and thus does not find any adjustment to be necessary.

B. **Reasonable Hours Expended**

In determining reasonable attorneys' fees, district courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  Thus "excessive, redundant or otherwise unnecessary hours [should be] excluded from the

4

amount claimed." Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). This means a party seeking to recover attorneys' fees may not be compensated for hours that would not be billed to a client of means, regardless of the attorney's skill, reputation, or experience. See id.

The Court finds only .3 of Plaintiff's requested 10.45 hours to be unreasonable. In his affidavit supporting Plaintiff's application, Brian Thomas indicates that all fees associated with counsel's brief representation of Fair Market, Inc., a company that made a brief appearance in this case, were deducted from the Application. However, one of the invoices indicates that attorney Eric Mull spent .3 hours preparing a representation agreement for Fair Market, Inc., and unlike the other invoices included, there is no indication that this amount was deducted from the fees requested. Thus, attorney Eric Mull's time will be reduced by .3 hours. The Court finds no other adjustments necessary.

### C. Litigation Costs and Expenses

Plaintiff also seeks $403.18 in litigation costs. These costs cover the Clerk's filing fee, service on the Defendant, postage, and copy fees. The Court finds these amounts to be reasonable and awards them in full.

### Conclusion

For the foregoing reasons, the Court hereby **ORDERS** Defendant to pay Plaintiffs (1) $1,407.50 in attorney's fees as calculated in the Appendix to this Order; and

(2) $403.18 in litigation costs, for a total award of $1,810.68.  See <u>Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.</u>, 207 F.3d 1247, 1252 (11th Cir. 2000) (stating that court granting award of attorneys' fees should provide a summary table of how it arrived at amount awarded).

    SO ORDERED, this 21st day of August, 2012.

                                 <u>S/  C. Ashley Royal</u>
                                 C. ASHLEY ROYAL, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

AES

## APPENDIX

**Calculation of Attorneys' Fees**

<u>Moore</u>

| | |
|---|---:|
| Total Reasonable Hours | 2.8 |
| Reasonable Rate | $175.00 |
| Total Fees | $490.00 |

<u>Burke</u>

| | |
|---|---:|
| Total Reasonable Hours | .3 |
| Reasonable Rate | $175.00 |
| Total Fees | $52.50 |

<u>Mull</u>

| | |
|---|---:|
| Total Hours Claimed | 3.5 |
| Deductions | (0.3) |
| Total Reasonable Hours | 3.2 |
| Reasonable Rate | $150.00 |
| Total Fees | $480.00 |

<u>Wood</u>

| | |
|---|---:|
| Total Reasonable Hours | 3.85 |
| Reasonable Rate | $100.00 |
| Total Fees | $385.00 |

<u>Total Fees Awarded:</u>   $1,407.50